B1040 (Form 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NO. |
|---|---|

**PLAINTIFF(S)**
Michael Mirzada
Michael Mirzada, on behalf of Financial One, Inc.
Michael Mirzada. on behalf of Level 3 Financial. LLC  ⊞

**DEFENDANT(S)**
Farzad Farzayee
Tobah Farzayee

**ATTORNEY(S)** (Firm Name, Address, Telephone No.)
Robert B. Goodall
Goodall, Pelt & Carper, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554

**ATTORNEY(S)** (If Known)
Christopher S. Moffitt
218 North Lee Street
3rd Floor
Alexandria, VA 22314

**PARTY** (Check One Box Only)
☐ Debtor       ☐ U.S. Trustee
☑ Creditor     ☐ Trustee       ☐ Other

**PARTY** (Check One Box Only)
☑ Debtor       ☐ U.S. Trustee
☐ Creditor     ☐ Trustee       ☐ Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Complaint to determine dischargeability under Sections 523(a)(2)(A) money and property obtained by fraud; 523(a)(4) fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny; and 523(a)(6) willful and malicious injury by the Debtors to property of another entity.

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☐ 13 – Recovery of money/property - § 548 fraudulent transfer
☐ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☑ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☑ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☑ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☐ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

☑ Check if this case involves a substantive issue of state law       ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint              Demand: $ 1,594,000

**Other Relief Sought:**
An order has been entered in Debtors' Chapter 13 case 16-12551 lifting the stay for trial of the state law issues in the state court.

B1040 (Form 1040) (12/15)

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Farzad Farzayee and Tobah Farzayee | 16-12551 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| /s/ Robert B. Goodall | Robert B. Goodall |

DATE
November 21, 2016

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## LIST OF DEFENDANTS

FARZAD FARZAYEE
20 Curving Branch Way
Stafford, VA 22556

TOBAH FARZAYEE
20 Curving Branch Way
Stafford, VA 22556

O:\RBG\Mirzada, Mike\Farzayee Bankruptcy\2016-11-21 COMPLAINT.doc11/21/2016 4:19 PM

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re: Farzad Farzayee and Tobah Farzayee,                Case No. 16-12551-RGM

                        Debtors                Chapter 13

_____

Michael Mirzada
Michael Mirzada on behalf of Financial One, Inc.
Michael Mirzada on behalf of Level 3 Financial, LLC,

                        Plaintiff

v.                                                        Adversary Proceeding No. _____

Farzad Farzayee and Tobah Farzayee,

                        Defendants

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

    Comes now Michael Mirzada, by counsel, and for his Complaint to Determine Dischargeability of Debt, states as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    The Debtors are individuals who reside in Stafford County, Virginia. The Plaintiff is an individual residing in Stafford County, Virginia. The events which give rise to this action principally occurred in Stafford County, Virginia.

Robert B. Goodall (VSB# 13590)
GOODALL, PELT & CARPER, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554
(540) 659-3130
(540) 659-0291 (Fax)
Email: bob.goodall@gpc-lawyers.com
Counsel for William Glover, Executor

2. On July 25, 2016 the Debtors filed a petition under Title 11 of the United States Code in this Court, under Chapter 13.

3. This is an adversary proceeding brought pursuant to Bankruptcy Code section 523(a)(2)(A), 523(a)(4) and 523(a)(6) and Rules 4004, 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1334, and venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

5. This matter is a "core" proceeding as set forth under 28 U.S.C. section 157.

## BACKGROUND FACTS

### The Debtor's Pre-Petition Actions

6. The facts in paragraphs 7 through 15 below are included in Attachment to proofs of claim filed by Michael Mirzada on behalf of himself, on behalf of Financial One, Inc. and on behalf of Level 3 Financial, LLC.

7. In late 2003/early 2004, three men i.e., myself Michael Mirzada (hereinafter "Mirzada"), Farzad Farzayee (hereinafter "Farzayee") and Hashim Amani (hereinafter "Amani"), agreed to do two businesses in the Stafford, Virginia area. The first was to run a used car dealership, and the second was to buy land which they hoped to develop into a car dealership. The used car dealership was to be a corporation, Financial One, Inc.; and the land purchase was to be a LLC, Level 3 Financial, LLC. Farzad Farzayee did not want to formally be a shareholder and member, so he had his wife Tobah be a shareholder of the corporation and a member of the LLC.

8. Farzayee had been working in used car sales in the Stafford/Fredericksburg area. He was running a car lot in the name "Best Buy Auto Sales." Mirzada and Amani were in New Jersey. The three men were to contribute equally. Mirzada has cancelled checks showing the

$192,000.00 he contributed. Farzayee was supposed to be contributing the inventory of cars on the used car lot and the other assets of Best Buy Auto Sales. Mirzada learned later that Farzayee did not own any of those cars, so his contribution was a fraud. Amani runs a coffee cart in Manhattan and in theory was contributing cash. Although there is no solid evidence that he did so, he has been consistently credited *by the Farzayees* with contributing $168,000.00. Amani has recently assigned his interest in everything to Mirzada.

9. The used car dealership was the business of Financial One, Inc. Farzayee was the on-site manager and was to be paid $3,500.00 a month plus 1/3 of profits. Mirzada and Amani remained in New Jersey as investors. When it started operating, in 2004 and 2005 Farzayee kept reporting that it was losing money. Sometime in 2005 Mirzada finally "put his foot down" and demanded to see every paper in each car sales transaction, because he could not believe the business was selling cars but losing money. Farzayee immediately quit. They had to make a temporary arrangement for staff to run the lot. By mid-2006 Mirzada quit his job in New Jersey, moved down and started running it, and found that it could be done profitably. That made him start looking at the "deal jackets" of retail sales during 2004 and 2005 and comparing the cash that should have been received from the sales versus the cash that was actually deposited in Financial One's bank accounts. He estimated a $400,000 deficiency which Farzayee had embezzled.

10. Therefore, Mirzada began a shareholder's derivative suit, *Michael Mirzada, Plaintiff v. Financial One, Inc., Defendant*, Stafford County Circuit Court case CL08000223-00 ("the Financial One case"), seeking the appointment of a receiver for Financial One, Inc., with the goal that the receiver would collect and protect about $100,000 which was still due the company from Credit Acceptance Corp. (the dealership's share of car loan payments if pools of buyers who were financed by Credit Acceptance Corp. made good on their loans) and for the receiver to pursue Farzayee for embezzled funds. The Stafford County Circuit Court eventually appointed William Glover, Esq. a Fredericksburg attorney as receiver for Financial One, Inc.; but he has had no funds, except as referenced in the motion for partial relief from automatic stay, to pursue claims as a receiver.

11. The investment in real estate to become an auto dealership was through Level 3 Financial, LLC. It was to have the same three owners. Both of the Farzayees have repeatedly signed documents admitting that Michael Mirzada and Hashim Amani were each one-third members of the limited liability company. After Level 3 Financial, LLC purchased a site in Stafford County, the Farzayees fraudulently signed a deed purporting to convey that property for zero consideration from the LLC to Farzad Farzayee!

12. Accordingly, Mirzada also filed *Michael Mirzada, a Member of Level 3 Financial,LLC and Michael Mirzada, Individually, Plaintiffs v. Farzad Farzayee, Tobah Farzayee and Hashim Amani, Defendants,* Stafford Court Case case CL07-0326 ("the Level 3 suit") to reverse that wrongful act.

13. Both of these cases were eventually consolidated in the Stafford Circuit Court. It was on the eve of trial that this Chapter 13 bankruptcy was filed.

14. The Farzayees bought 3 adjoining small lots in Falmouth, Virginia and bought their home using (in part) the embezzled money. Some checks were written straight from Financial One, Inc. to the sellers. The Farzayees also formed an entity called Discount Tire Depot, LLC and wrote many Financial One checks to it, although they admitted that Discount Tire Depot, LLC never did any business whatsoever with Financial One, Inc. Two of the adjoining lots in Falmouth, Virginia were titled to Discount Tire Depot, LLC, and one was titled to the Farzayees. The Falmouth lots are used as an automobile dealership and are leased to Autos Direct, Inc. The Stafford County Circuit Court entered an order sequestering the rents as more fully explained in the motion for partial relief from automatic stay.

15. William E. Glover as receiver of Financial One, Inc. filed a lis pendens against those five properties in order to recover them for Financial One, Inc.

16. By order entered September 19, 2016, this Court lifted the automatic stay of bankruptcy to permit the Stafford County Circuit Court to conduct trial on the consolidated cases.

17. In the proofs of claim Mirzada filed in this Court, and in the prayers for relief in the State Court, he is seeking:

a) A money judgment against the Farzayees jointly and severally for compensatory and punitive damages for all of the ways in which they have misappropriated the assets and business opportunities of Financial One, Inc., as detailed below;

b) That the Court determine that the real estate formerly titled to Level 3 Financial, LLC does not belong to Farzad Farzayee. It is either properly an asset of Financial One, Inc. or to be divided among the members of the former limited liability company. In that event, under equitable principles, Mirzada has always owned a one-third interest; he now owns the one-third interest of Amani; and Tobah Farzayee should either have no interest or her interest should be charged with the entire expense of recovering that property and surcharged for damages to the limited liability company and its other members resulting from the Farzayees' fraudulent deed.

c) To recover all of the attorney's fees and expert witness fees which Mirzada has borne (so far, approximately $80,000) not only on his own behalf, but on behalf of Financial One, Inc. and Level 3 Financial, LLC

d) That the Circuit Court ultimately determine the respective interests in Financial One, Inc.; likewise Mirzada assert that he always owned a one-third interest; he now owns the one-third interest of Amani; and Tobah Farzayee should either have no interest or her interest should be charged with the entire expense of obtaining judgment against the Farzayees and recovering money and property for the corporation and surcharged for damages to the corporation and its other shareholders.

18. Mirzada itemizes these claims as follows:

a) Farzad Farzayee lied about owning the cars which were on the lot and for which he was credited a capital account in Financial One, Inc.
$70,000.00

b) Farzad Farzayee embezzled cash arising from car retail sales which he did not deposit it to the Financial One, Inc. account.

5

At least $170,000.00

c) Farzad Farzayee destroyed records of all wholesale car sales, except for one month; and kept all money resulting from them.

Estimated $150,000.

d) Financial One, Inc. checks were written directly for the Farzayees' personal expenditures.

$88,000.00

e) Financial One, Inc. checks to Discount Tire Depot, LLC, which provided no goods or services to it.

$17,600.00

f) Financial One, Inc. checks payable to "Best Buy Auto Sales," one or more undisclosed accounts of Tobah Farzayee.

$50,000.00

g) Farzad Farzayee misdirected to his own defense all of the Credit Acceptance money which came to Financial One, Inc. during the state court litigation.

$70,000.00 to $125,000.00

h) Net rents received from 2004 to November 2015 from the Falmouth, Virginia properties which were acquired with embezzled money and rented as a used car lot.

$200,000.00

i) All fees and expenses of receiver for Financial One, Inc.

More than $20,000.00

j) All attorney's fees and expert witness fees borne by Mirzada (or still due) to effect the recoveries.

More than $80,000.00

k) Misappropriation of the Level 3 Financial, LLC real estate. The real estate itself identified as Stafford Tax Map 21 Parcel 54C should be recovered. It is presently assessed by Stafford County at $584,600.

l) Mirzada's investment in Financial One, Inc. (and thereby indirectly in Level 3 Financial, LLC): $192,000 and Hashim Amani's investment of $168,000 assigned to Mirzada; both of which are rendered valueless due to the Farzayees' thefts from those entities.

m)   Punitive damages
$500,000

As stated in the overlapping proofs of claim, as a result, the Farzayees owe Michael Mirzada $1,594,600 under claims 1, 10-13;; the Farzayees are indebted to Financial One, Inc. in the sum of $1,445,600 pursuant to claims 1-10 and 13; and the Farzayees are indebted to Level 3 Financial, LLC. and he prays that judgment be entered in against them accordingly.

*This Court has lifted the automatic stay to permit the Circuit Court of Stafford County to conduct the trial to determine such claims.*

## COUNT 1

### The debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A)

19.   The allegations in paragraphs 1 through 18 are incorporated as if restated in their entirety.

20.   For the reasons stated above, the Farzayees obtained both money and real estate by false pretenses, false representations and actual frauds.

21.   Such debts are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

## COUNT 2

### The debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(4)

22.   The allegations in paragraphs 1 through 21 are incorporated as if restated in their entirety.

23.   The shareholders and directors of a Virginia corporation, and the members of a Virginia limited liability company, have fiduciary duties to their co-owners and to such corporation and limited liability company.

24. For the reasons set forth above, the Farzayees breached these fiduciary duties; and their conduct is an embezzlement and larceny.

25. Such debts are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(4).

## COUNT 3

### The debt is nondischargeable pursuant to 11 U.S.C. section 523(a)(6)

26. The allegations in paragraphs 1 through 25 are incorporated as if restated in their entirety.

27. For the reasons set forth above, the actions of the Farzayees in stealing from the entities are willful and malicious injury by the debtors to another entity or to the property of another entity.

28. Such debts are non-dischargeable pursuant to 11 U.S.C. Section 523(a)(6).

*Michael Mirzada prays that this Court so rule.*

                              Respectfully submitted,

                              Michael Mirzada

                    By    /s/ Robert B. Goodall
                          Robert B. Goodall, counsel

Robert B. Goodall (VSB# 13590)
GOODALL, PELT & CARPER, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554
(540) 659-3130
(540) 659-0291 (Fax)
Email: bob.goodall@gpc-lawyers.com
Counsel for Michael Mirzada